STATE

v.

Peter A. BRIGUGLIO.

No. 92–381–C.A.

Supreme Court of Rhode Island.

July 25, 1995.

Jeffrey B. Pine, Atty. Gen., Aaron L. Weisman, Asst. Atty. Gen., Providence, for plaintiff.

Amato DeLuca, Mandell, DeLuca & Schwartz, Providence, for defendant.

## OPINION

PER CURIAM.

This is an appeal from a competency determination made by the trial justice in the Superior Court. The matter came before a panel of this court on June 27, 1995, pursuant to an order directing the defendant to show cause why his appeal should not be summarily decided.

■ On September 25, 1987, the defendant, Peter A. Briguglio, pled guilty to six first and four second-degree child-molestation charges and four charges of assault with intent to commit first-degree sexual assault. Following his pleas, he was released on bail to await sentencing on October 23, 1987. On that date, he failed to appear. He was later arrested on a warrant in Massachusetts and returned here for sentencing. At that time, the question arose concerning his competency for purposes of sentencing. The trial justice entered an order providing for psychological examination, which was undertaken by Dr. Ronald M. Stewart on May 18, 1990. Doctor Stewart found defendant to be "incompetent to stand trial" at that time. Thereafter, by further order of the trial justice defendant was examined and tested by Dr. William M. Whelihan, a neuropsychologist, on April 30, 1991, and by Dr. Joseph Friedman, a neurologist, on February 21, 1991, and again in April 1991. Both Doctors Whelihan and Friedman believed defendant to be exaggerating his level of deficit and perhaps malingering that level of deficit on all of his tests.

The trial justice convened a competency hearing pursuant to G.L.1956 (1990 Reenactment) § 40.1–5.3–3. Several hearings were held at which Doctors Stewart and Friedman testified. Doctor Stewart tempered his earlier examination conclusion by testifying on March 30, 1992, that he was without sufficient supporting data to render an opinion on defendant's competency to any degree of medical certainty. Paul Cavanagh, a correctional officer also testified, as a lay witness, concerning his observations of the defendant's abilities and conduct while at the Adult Correctional Institutions. Other lay-

witness testimony was also presented at the hearings.

At the conclusion of the hearings on July 2, 1992, the trial justice, after reviewing the hearing testimony and the evidence, found that there was "certainly no clear and convincing evidence with regard to any mental lack of competency on the part of this defendant." Accordingly he found defendant competent for the purpose of sentencing and defendant was thereafter sentenced on the various child-molestation and sexual-assault charges to which he had pled.

It was the defendant's burden to prove by clear and convincing evidence that he was in need of care and treatment by reason of mental disability. G.L.1956 (1990 Reenactment) § 40.1–5–8(9)(d). The trial justice found that he had failed in that burden. We have reviewed the competency-hearing record. We find there is no error of law or abuse of discretion on the part of the trial justice. Absent such, his decision will not be disturbed. *State v. Buxton,* 643 A.2d 172, 175 (R.I.1994); *State v. Peabody,* 611 A.2d 826, 829–30 (R.I.1992); *State v. Cook,* 104 R.I. 442, 447–48, 244 A.2d 833, 836 (1968).

We are of the opinion that the defendant has failed to show cause why his appeal should not be summarily decided. Accordingly his appeal is denied and dismissed.

SHEA and LEDERBERG, JJ., did not participate.